

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

| In re:<br><br>**BELVIEU BRIDGE PROPERTIES GROUP, LLC,**<br><br>*Debtor.* | Case No. 21-11452 DER<br><br>Chapter 11 |
|---|---|
| **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. §§ 1129(a) AND 1191 AND FED. R. BANKR. P. 3020 CONFIRMING THE DEBTOR'S PLAN OF REORGANIZATION** ||

**WHEREAS** Belvieu Bridge Properties Group, LLC (the "Debtor"), the debtor and debtor in possession herein (the "Debtor"), has proposed and filed with the United States Bankruptcy Court for the District of Maryland, (the "Court") (i) the Debtor's Amended Chapter 11 Plan dated December 8, 2021 (SBRA) with accompanying exhibits at Docket No. 129 (the "Plan");[1] and

**WHEREAS** on December 16, 2021 at Docket No. 131, this Court entered a Fifth Scheduling Order for Chapter 11 Small Business Subchapter V (the "Scheduling Order")

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

scheduling a hearing on confirmation of the Plan for February 10, 2022 at 11:00 a.m. (the "Confirmation Hearing") and directing the Debtor to distribute the Plan, Exhibits, the Scheduling Order, and ballots (as applicable) to all creditors and parties in interest; and

**WHEREAS** due notice of the Confirmation Hearing has been given to Holders of Claims against the Debtor and other parties in interest in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Scheduling Order; and

**WHEREAS** such notice is sufficient under the circumstances and no further notice is required; and

**WHEREAS** ballots for voting on the Plan (the "Ballots") were duly transmitted to the Holders of Impaired Claims in compliance with title 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); and

**WHEREAS** the Debtor filed a Tally of Ballots (the "Tally of Ballots") (Docket No. 137); and

**WHEREAS** the within case was filed under, and is subject to, the provisions of the Small Business Reorganization Act, §§ 1181 *et seq.*[2] (the "SBRA"); and

**WHEREAS** the Motion to Convert Case from Chapter 11 to Chapter 7 was withdrawn on the Record at the Confirmation Hearing,

**NOW THEREFORE,** based upon the Court's consideration of the entire record of this Chapter 11 Case, including but not limited to (A) the Plan and the Tally of Ballots, (B) the Certificate of Service of the Hearing Notice, and (C) the evidence, testimony, and argument presented at the Confirmation Hearing; and the Court having found the Plan should be confirmed as reflected by the Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

*General Findings*

A.   <u>Findings and Conclusions.</u> The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and

---

[2] All section numbers refer to sections of the Bankruptcy Code unless otherwise indicated.

– 2 –

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B. <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).</u> The Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under § 109 and is eligible to be a Small Business Debtor under the SBRA. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is the plan proponent in accordance with § 1121(a).

### *Findings Regarding the Plan*

  C. <u>Classification of Claims and Interests.</u> The Plan properly classifies Claims and Interests and complies with the requirements of § 1122.

  D. <u>Contents of Plan.</u> The Plan satisfies all applicable requirements of §§ 1123 and 1190.

  E. <u>Plan's Compliance with the Bankruptcy Code.</u> The Plan complies with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1129(a)(1).

  F. <u>Debtor's Compliance with the Bankruptcy Code.</u> The Debtor has complied with all applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1129(a)(2).

  G. <u>Good Faith.</u> The Plan has been proposed in good faith, and not by any means forbidden by law, thus satisfying the requirements of § 1129(a)(3). No objections having been filed to the Plan, the Debtor is entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

  H. <u>Payment for Services or Costs and Expenses.</u> Any payments made or to be made by the Debtor for services or for costs and expenses of the Debtor's professionals and/or the Subchapter V Trustee in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject

to the approval of, the Court as reasonable, thereby satisfying the requirements of § 1129(a)(4).

      I.      <u>Directors and Officers.</u> The officers and directors of the Debtor after confirmation have been properly identified, and their compensation has been properly disclosed, thus satisfying the requirements of § 1129(a)(5).

      J.      <u>No Rate Changes.</u> As there is no governmental regulatory commission with jurisdiction after confirmation of the plan over the rates of the Debtor, the requirements of § 1129(a)(6) are inapplicable.

      K.      <u>Best Interests.</u> Each Holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code on such date. The Plan thus satisfies the requirements of § 1129(a)(7).

      L.      <u>Acceptance of Plan.</u> As a non-consensual Plan under the SBRA, the requirements of § 1129(a)(8) are inapplicable.

      M.      <u>Treatment of Administrative Expense Claims and Priority Tax Claims and Priority Claims.</u> The Plan provides for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agreed otherwise).

      N.      <u>Impaired Accepting Class.</u> As a non-consensual Plan under the SBRA, the requirements of § 1129(a)(10) are inapplicable.

      O.      <u>Feasibility.</u> The Plan proposes the reorganization of the Debtor and satisfies the feasibility requirement of § 1129(a)(11). There is a reasonable likelihood that the Debtor will be able to make all payments under the Plan and the Plan provides appropriate remedies, which may include the liquidation of assets, to protect the holders of claims in the event that payments are not made, satisfying the requirements of § 1191(c)(3).

      P.      <u>Continuation of Retiree Benefits.</u> The Debtor is not obligated to pay any retire benefits subject to § 1114, making § 1129(a)(13) inapplicable.

      Q.      <u>No Domestic Support Obligations.</u> As a corporate debtor, the requirements of § 1129(a)(14) are inapplicable.

R.    Projected Disposable Income. As an SBRA case, § 1129(a)(15) is inapplicable. The Debtor appropriately and properly dedicates its Disposable Income to the Plan under § 1191(d).

S.    No Applicable Non-Bankruptcy Law Regarding Transfers. As the Debtor is a moneyed, business, or commercial corporate entity, the provisions of § 1129(a)(16) are inapplicable.

T.    Plan Modifications. The Plan is dated and identifies the person submitting it, thereby satisfying Bankruptcy Rule 3016(a). Specifically, the Plan complies with §§ 1122, 1123, 1125, 1190, and 1191. The Plan contains adequate information sufficient to allow a reasonable, hypothetical creditor to make an informed judgment regarding the Plan.

U.    Voting. Votes to accept the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), and applicable non-bankruptcy law.

V.    Solicitation. The Plan, the Ballots, and the Scheduling Order were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Scheduling Order. The transmittal and service of the Plan, the Ballots, and the Scheduling Order (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances. The Solicitation of votes on the Plan complied with the Scheduling Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations. In connection therewith, the Debtor, and any and all attorneys and advisors of the foregoing, are entitled to the protection of § 1125(e).

W.    Notice. The Plan and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Scheduling Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to

appear and be heard with respect thereto. No other or further notice is required. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including §§ 1125, 1126(b), and 1190, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, the Scheduling Order, and all other applicable law, in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

  X. Conclusion. Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in §§ 1129 and 1191.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1. Findings of Fact and Conclusions of Law. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

  2. Confirmation of the Plan. The Plan and each of its provisions shall be, and hereby are, approved and confirmed under §§ 1129 and 1191.

  3. Resolving Inconsistency. In the event of any conflict or inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

  4. Objections. Any and all objections to confirmation of the Plan that were not withdrawn, waived, or settled at or prior to the date scheduled for the Confirmation Hearing, and all reservations of rights included in any such objections, are overruled in their entirety on the merits (except as otherwise provided in this Confirmation Order), and all withdrawn objections are deemed withdrawn with prejudice.

  5. Binding Effect. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtor, all Holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor, any other party in interest in this Chapter 11 Case, and the

respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

      6.    <u>Vesting of Assets and Management of Affairs.</u> As of the Effective Date, pursuant to the provisions of § 1141(b) and (c), all property of the estate and all other property dealt with by the Plan shall revest in the Debtor free and clear of all Claims, liens, encumbrances, charges, and other interests, except as otherwise expressly provided or preserved in the Plan or this Confirmation Order, and subject to the terms and conditions of the Plan and this Confirmation Order. As of the Date of this Order, the Debtor may manage its financial affairs, including the sale, disposition, or lease of assets, without further Order of the Court, and may, in its sole discretion, obtain new and additional credit and/or loans from any source, which credit or loans may be secured by the Debtor's assets, without further order of the Court.

      7.    <u>Implementation of the Plan.</u> In accordance with § 1142, the implementation and consummation of the Confirmed Plan in accordance with its terms shall be, and hereby is, authorized and approved, and the Debtor is authorized and empowered to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan. To the extent that it prevents the implementation of any such action described above, the automatic stay is hereby modified to allow such action.

      8.    <u>Compromise of Controversies.</u> In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan. Consideration for all such compromises, settlements and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Plan.

      9.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases.</u> Except as otherwise provided in any contract, instrument, release, indenture, the Plan, or other agreement or document entered into in connection with the Plan, as of the Effective Date,

all executory contracts and unexpired leases to which the Debtor is a party, and which have not been previously assumed and assigned, are hereby rejected as of the Effective Date.

10. <u>Effective Date.</u> There are no conditions to the Effective Date, which shall be on the 30th day after this Order becomes a Final Order.

11. <u>Injunction.</u> Unless otherwise provided herein or in the Plan, all injunctions or stays provided for in the Case pursuant to §§ 105, 362, or 525, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date. On the Effective Date, all claims asserted against the Debtor by Creditors in each class included in the Plan, shall be, to the fullest extent permitted by § 1141, satisfied, settled, released, and discharged as against the Debtor, for any debt that arose before the Confirmation Date and any debt of a kind specified in §§ 502 and 503 and all claims of any nature, whether or not (i) a proof of claim based on such debt or obligation is filed or deemed filed under § 501, (ii) such Claim is allowed under § 502, or (iii) the holder of such Claim has accepted the Plan. Accordingly, upon the entry of the Discharge, all persons or entities which could have been claimants, and all actual claimants listed herein, shall be precluded from asserting any Claim against Debtor, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, and the Confirmation Order shall permanently enjoin all such person or entity, and their successors and assigns, from enforcing or seeking to enforce any such Claim against the Debtor, except to the extent such Creditors are entitled to payment under the Plan. For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or the Confirmation Order, nothing in the Plan or the Confirmation Order shall release or enjoin the prosecution of any claims or Causes of Action by the Debtor or the Estate.

12. <u>Releases.</u> Any Entity that is entitled to receive any distribution under the Plan, or whose Lien is extinguished or modified pursuant to the Plan, shall promptly execute and deliver such documents and instruments as are necessary to release or modify of record any Lien, to the extent such Lien is extinguished or modified pursuant to the Plan.

13. <u>All Defaults Cured and Waived; All Notes and Obligations Decelerated and Reinstated.</u> Pursuant to §§ 1123(a)(5)(G) and 1124(2), among others, and except as otherwise expressly provided by the Plan, all defaults that existed or may have existed under

any promissory note, loan document, unexpired lease, executory contract, or other written agreement of or by the Debtor shall be deemed cured and waived as of the Effective Date. All notes, instruments, or obligations for which payment obligations were accelerated pre-petition and/or pre-confirmation shall be decelerated as of the Effective Date and treated as set forth in the Plan. All judicial and non-judicial foreclosure actions and proceedings that were instituted pre-petition and/or pre-confirmation shall be canceled, terminated, and/or deemed withdrawn and rescinded as of the Effective Date.

14. Payment of Statutory Fees. Any outstanding fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date and thereafter as may be required.

15. Reversal/Stay/Modification/Vacatur of Confirmation Order. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor, as applicable, pursuant to the Plan and this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

16. Retention of Jurisdiction. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Article IX of the Plan and §§ 105 and 1142, this Court shall retain jurisdiction over all matters arising in, arising under, and related to this Chapter 11 Case.

17. Exemption from Certain Taxes. Pursuant to § 1146(a), all transactions, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Plan shall not be subject to any stamp tax, real estate transfer tax, or similar transfer fee or tax.

18.   <u>Modifications.</u> The Plan may be amended, modified, or supplemented by the Debtor in the manner provided for by § 1193 or as otherwise permitted by the Plan and this Confirmation Order. In addition, after the Plan Confirmation Date, the Debtor may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.

19.   <u>Governing Law.</u> Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Maryland, without giving effect to the principles of conflict of laws thereof.

20.   <u>Applicable Non-Bankruptcy Law.</u> Pursuant to §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

21.   <u>No Waiver.</u> The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

cc:   Debtor
      Debtor's Counsel
      United States Trustee
      Subchapter V Trustee
      All Creditors

**END OF ORDER**